R. JASON READ, CA State Bar No. 117561
JUNE MONROE, CA State Bar No. 284763
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Facsimile:  (949) 752-0953
E-mail: Jason@rjlaw.com; June@rjlaw.com

Attorneys for Plaintiff
CP PRODUCE, LLC

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| CP PRODUCE, LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY FRESH FARMS, INC., a corporation; RANJODH BILLAN, an individual and GURDEEP S. BILLAN, an individual.<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**<br>1. **BREACH OF CONTRACT;**<br>2. **ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>3. **VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>4. **BREACH OF FIDUCIARY DUTY;**<br>5. **UNJUST ENRICHMENT;**<br>6. **CONVERSION;**<br>7. **DECLARATORY RELIEF; and**<br>8. **INJUNCTIVE RELIEF AND/ OR TEMPORARY RESTRAINING ORDER;**<br>9. **FOR FINANCE CHARGES AND RECOVERABLE ATTORNEYS' FEES** |

Plaintiff CP PRODUCE, LLC, a limited liability company, complains and alleges as follows:

1

## I.

## JURISDICTION AND VENUE

1. This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391(b).

2. Plaintiff CP PRODUCE, LLC ("CP Produce") is and during all times herein has been a limited liability company organized and doing business under the laws of the State of Arizona, with its principal place of business in the City of Nogales, State of Arizona.

3. Plaintiff is informed, believes and thereon alleges that Defendant QUALITY FRESH FARMS, INC. ("Quality Fresh"), is and during all times relevant herein was a corporation doing business under the laws of the State of California, with its principal place of business in the City of Fresno, State of California.

4. Plaintiff is informed, believes and thereon alleges that Defendant RANJODH BILLAN ("RB"), is an individual who during all times material herein was an officer, director, member, shareholder and/or owner of Quality Fresh, and who maintains a principal place of business located in the City of Fresno, State of California.

5. Plaintiff is informed, believes and thereon alleges that Defendant GURDEEP S. BILLAN ("GSB"), is an individual who during all times material herein was an officer, director, member, shareholder and/or owner of Quality Fresh, and who maintains a principal place of business located in the City of Fresno, State of California.

6. RB and GSB are collectively referred to herein as "the Individual Defendants."

7. Quality Fresh and the Individual Defendants are referred to collectively herein as "Defendants."

8. Plaintiff is informed, believes and thereon alleges that the Individual Defendants are and at all times material herein were insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who are and during

times relevant herein were responsible for the daily management and control of Quality Fresh and who are and during relevant times herein were each a statutory trustee under the PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

## II.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant Quality Fresh)

9. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 8, inclusive, of this Complaint as though fully set forth herein.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Quality Fresh was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

11. Between on or about September 24, 2017 and October 04, 2017, in a series of transactions, Plaintiff sold and shipped perishable agricultural commodities to Defendant Quality Fresh at said Defendant's request, for which said Defendant agreed to pay CP Produce in the principal amounts at least as great as the sum of $414,141.00.

12. At or about the date of each transaction described above, Plaintiff forwarded to Defendant Quality Fresh invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities, cumulatively totaling $414,141.00.

13. Plaintiff has repeatedly demanded that Defendant Quality Fresh pay the amounts due and owing under the invoices. However, said Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiff for the produce purchased and no part of those sums due and owing has been paid.

14. Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

15. As a direct and proximate result of the failure of Defendant Quality Fresh to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the amount of at least $414,141.00, plus recoverable attorney's fees and interest at the highest legal rate.

## III.

## SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

16. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15, inclusive of this Complaint as though fully set forth herein.

17. Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)] and was a valid PACA licensee operating under a PACA license no. 20171117.

18. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

19. Plaintiff is informed and believes and thereon alleges that during all times mentioned herein, Defendants were engaged in the business of buying and selling perishable agricultural commodities as defined by PACA as 'dealers' in wholesale and jobbing quantities and were operating under PACA license no. 20130056.

20. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendants, Plaintiff became a beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

21. Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the cumulative amount of at least $414,141.00 as separately set forth above, for the perishable agricultural commodities sold to Defendant Quality Fresh, all of which remains past due and unpaid.

22. Specifically, Plaintiff preserved its statutory trust rights under PACA by providing the following written notice of Plaintiff's intent to preserve Plaintiff's PACA trust rights on the face of each invoice: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

23. Plaintiff's invoices also contain the following written terms providing for recovery of attorney's fees on the face of each of the invoices submitted to Defendants: "Buyer agrees to pay all cost of collection including attorneys' fees and costs as additional sums owed in connection with this transaction in the event collection action becomes necessary."

24. Plaintiff's invoices also contain the following written terms providing for recovery of interest on unpaid balances: "Interest will accrue on any past-due balance at the rate of 1 and ½ percent per month (18% per annum)."

25. Terms described at paragraphs 23 and 24, above, were bargained-for terms of the contract and are sums owing in connection with the sales transactions that are the subject of this complaint.

26. Plaintiff is informed and believes for the reasons alleged herein above, that Defendants and each of them are statutory trustees under PACA. The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been

made to Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

27. Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

28. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $414,141.00, plus recoverable attorney's fees and interest in amounts to be determined, all of which qualifies for protection under the PACA trust.

## IV.

### THIRD CAUSE OF ACTION

**(For Violation of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly Against All Defendants)**

29. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth herein.

30. Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

31. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the loss of $414,141.00 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and interest in amounts to be determined.

## V.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty Against All Defendants)

32. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 31, inclusive, of this Complaint as though fully set forth herein.

33. Plaintiff is informed, believes and thereon alleges that during times relevant to this action, the Individual Defendants were the controlling officers, directors, members, shareholders and/or owners of Defendant Quality Fresh.

34. As the controlling officers, directors, members, shareholders and/or owners of Defendant Quality Fresh, each of the Individual Defendants had and continues to have a duty to ensure that Defendant Quality Fresh fulfilled its duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

35. Plaintiff is informed, believes and thereon alleges that during times herein the Individual Defendants had full knowledge and responsibility for the handling of Defendant Quality Fresh's duties as trustees of the PACA trust.

36. Plaintiff is informed, believes and thereon alleges that the Individual Defendants controlled or had and continue to have a duty to control Defendant Quality Fresh's operations and financial dealings, including those involving the PACA Trust Assets.

37. Plaintiff is informed, believes and thereon alleges that Defendant Quality Fresh breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

38. Plaintiff is informed, believes and thereon alleges that the Individual Defendants breached their fiduciary duties to direct Defendant Quality Fresh to fulfill its duties as a PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce they supplied to Defendants.

39. As a direct and proximate cause and result of the Defendant Quality Fresh's and the Individual Defendants' breach of their fiduciary duties, Plaintiff has incurred damages in the cumulative amount of at least $414,141.00 plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

40. As statutory PACA trustees, the Individual Defendants are jointly and severally personally liable to Plaintiff for the breach of fiduciary duty in dissipating the PACA trust to the extent of $414,141.00, less any monies Plaintiff receives from the PACA Trust Assets.

## VI.
## FIFTH CAUSE OF ACTION
### (For Unjust Enrichment Against All Defendants)

41. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth herein.

42. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the cumulative amount of at least $414,141.00.

43. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

44. As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the principal amount of at least $414,141.00, plus attorney's fees and finance charges of 18% per annum pursuant to CP Produce's written agreements.

## VII.

## SIXTH CAUSE OF ACTION

### (For Conversion Against All Defendants)

45. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 44, inclusive, of this Complaint as though fully set forth herein.

46. At all times relevant herein, Plaintiff was and currently is, entitled to possession of the specific sums as alleged herein in the total cumulative principal amount of at least $414,141.00.

47. During times relevant herein, and continuing thereafter, Plaintiff has repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused and continue to fail and refuse to turn over such sums of money to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants have diverted payments of Quality Fresh's accounts receivable, assets of the PACA trust and monies due and owing to Plaintiff to themselves and to other unknown third parties.

///

# VIII.

# SEVENTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

48. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

49. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

50. Plaintiff seeks an Order of this Court declaring that their PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a beneficiary. Plaintiff would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

51. Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that, in the event of a future bankruptcy filing, the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claim under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## IX.

## **EIGHTH CAUSE OF ACTION**

**(For Injunctive Relief; Temporary Restraining Order Against Defendant Quality Fresh)**

52. Plaintiff hereby realleges and incorporates by reference paragraphs 1 to 51, inclusive of this Complaint as though fully set forth herein.

53. Pursuant to the provisions of the PACA and specifically 7 U.S.C. §§499a *et seq.* and 499e(c)(1) through (4), inclusive, perishable agricultural commodities received by a commission merchant, broker, or dealer in all transactions and all inventories or other products derived from these products are held in trust by the receiver for the benefit of the unpaid supplier until such suppliers receive full payment of sums owed in connection with such transactions.

54. On numerous occasions Plaintiff has demanded, via written notice and telephone calls, that Defendant Quality Fresh to pay the balances due to Plaintiff in the amounts alleged herein but Defendant Quality Fresh has failed and refused, and continues to fail and refuse to remit payment to Plaintiff for the perishable agricultural commodities sold to Defendant Quality Fresh as described herein.

55. For the following reasons, among others, Plaintiff believes and thereon alleges that Defendant Quality Fresh is failing to pay its undisputed debts, including Plaintiff's PACA trust debt which is the subject of this complaint, as those debts become due. Plaintiff is further informed and believes, and thereon alleges, that as a result of this failure, the PACA trust assets are dissipating and will continue to dissipate unless Defendants are restrained from further dissipation by order of this Court.

    A. Defendant Quality Fresh has on several occasions acknowledged that the produce which is the subject of this lawsuit was received by Quality Fresh in the ordinary course of business and that the balances due as alleged herein is correct.

    B.    Defendant Quality Fresh is not able to fully and timely pay the undisputed amounts due as alleged herein because Defendant Quality Fresh does not have enough money to remit even partial payments.

    C.    Defendant Quality Fresh, by and through its representatives, have admitted to Plaintiff that Quality Fresh does not have sufficient funds to remit full and prompt payment to Plaintiff and will require additional time to remit payment in full.

    D.    Defendant have repeatedly broken promises to remit payments to Plaintiff for the produce that is the subject of this action.

    E.    Defendants have told Plaintiff that without financing, which Defendants have been unable to obtain, Defendants cannot remit payment.

56. Pursuant to the terms of the statutory trust herein alleged, and pursuant to Defendants' fiduciary duties owed to Plaintiff, Defendants owed a duty to transfer to Plaintiff sums owed to Plaintiff for the produce shipments which are the subject of this complaint.

57. Plaintiff is informed and believes and thereon alleges that Defendants have diverted and will continue to divert PACA trust assets due and owing to Plaintiff either to themselves or to third parties, or will dissipate, conceal or otherwise make such assets unavailable if a noticed hearing seeking injunctive relief is required.

58. If such diversion of assets is allowed to continue, Plaintiff will suffer great and irreparable harm in that the PACA trust assets will not be preserved and Plaintiff will be unable to pay its own creditors from whom the produce shipped to Defendants was purchased. Moreover, Plaintiff and other creditors of Defendant, *a substantial number* of which are statutory trust creditors under the Perishable Agricultural Commodities Act [7 U.S.C. §499e et seq.] will suffer great and irreparable harm if all proceeds of sale, including trust assets of Defendants are dissipated and are forever lost to such creditors.

12

59. Therefore, Plaintiff will request that this Court enter an *ex parte* order for an accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust.  In the alternative, Plaintiff requests that this Court enter a temporary restraining order direction that Defendant Quality Fresh, its employees, partners, officers, directors, shareholders, bankers, attorneys, agents or any other person acting on Defendant Quality Fresh's behalf not disburse, transfer or otherwise dissipate the PACA trust assets pending a hearing on the Plaintiff's Application for Injunctive Relief.

60. Plaintiff is informed and believes and thereon alleges that Defendants will not be damaged or injured in any way by the requested relief because the assets they hold are due and owing to Plaintiff.  Further, to the extent the assets are secured by the PACA trust, such assets rightfully belong to Plaintiff and are held in trust by Defendants for the benefit of Plaintiff.

## IX.

## NINTH CAUSE OF ACTION

**(For Finance Charges and Recoverable Attorneys' Fees Against All Defendants)**

61. Plaintiff hereby realleges and incorporates by reference paragraphs 1 to 60, inclusive of this Complaint as though fully set forth herein.

62. Pursuant to PACA, 7 U.S.C. §499e(c) and the Code of Federal Regulations promulgated there under, Defendants were statutorily required to maintain a trust in such amount in favor of Plaintiff in order to make full payment to Plaintiff.

63. As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res.*

64. As a further result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

65. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys' fees, costs and loss

of interest due to violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

66. Plaintiff's invoices issued by Plaintiff in connection with and as confirmation of the sales transactions that are the subject of this complaint contained written provisions for attorneys' fees and recovery of interest on unpaid balances at the highest rate allowed by law from the date payment was due until paid. Each of these provisions were bargained for terms of the contract and are sums owing in connection with the transaction. Accordingly, Plaintiff is entitled to and requests judgment against Defendants, jointly and severally, for pre-judgment interest and/or finance charges and costs and attorneys' fees.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION

### (For Breach of Contract)

1. For damages in the amount of $414,141.00 as against Defendant Quality Fresh;

2. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the amount of $414,141.00 as against Defendants;

2. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

///

## THIRD CAUSE OF ACTION

### (For Violation of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)

1. For damages in the combined amount of $414,141.00 as against Defendants;

2. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of $414,141.00 as against Defendants, jointly and severally;

3. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff; and,

4. For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty)

1. For judgment, jointly and severally, against Defendant Quality Fresh and the Individual Defendants and in favor of the Plaintiff in the amount of $414,141.00;

2. For interest at the highest legal rate from the date each invoice became past due, less any monies received from Defendants;

3. For reasonable attorneys' fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment)

1. For damages in the principal amount of $414,141.00 as against Defendants, and each of them, jointly and severally;

2. For finance charges at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff CP Produce;

3. For attorney's fees and costs of suit incurred; and,

4. For such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

### (For Conversion)

1. For value of the monies converted in the amount of $414,141.00 as against Defendants, and each of them, jointly and severally;

2. For finance charges at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff CP Produce;

3. For attorney's fees and costs of suit incurred; and

4. For such other and further relief as the Court deems just and proper.

## SEVENTH CAUSE OF ACTION

### (For Declaratory Relief)

1. For a declaratory judgment establishing that:

(a) In the event of a future bankruptcy filing, the PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b) The Plaintiff's trust claim under the PACA amendment is superior to and takes priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c) Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendant possibly subject to the Defendants' liens or claims, if any are established;

2. For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the sum of $414,141.00 as against Defendants, and each of them, jointly and severally;

3. For finance charges at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff CP Produce;

4. For attorneys' fees and costs of suit incurred; and,

5. For such other and further relief as this Court deems proper.

///

### EIGHTH CAUSE OF ACTION

**(For Injunctive Relief; Temporary Restraining Order Against Defendant Quality Fresh)**

1. For accounting and injunctive relief to turnover all amounts subject to the PACA Trust;

2. For finance charges at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff CP Produce;

3. For attorney's fees and costs of suit incurred; and

4. For such other and further relief as the court may deem just and proper.

### NINTH CAUSE OF ACTION

**(For Attorneys Fees, Costs, Finance Charges and/or Interest)**

1. For interest or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Plaintiff until fully paid as separately alleged above, until all principal sums are fully paid;

2. For reasonable attorneys' fees and costs of suit incurred herein; and,

3. For such other and further relief as this Court deems proper.

Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED: January 17, 2018   By:   /s/ R. Jason Read
R. JASON READ
Attorneys for Plaintiff,
CP PRODUCE, LLC