UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CP PRODUCE, LLC, | No. 1:18-cv-00077-DAD-EPG |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER |
| QUALITY FRESH FARMS, INC., RANJODH BILLAN, and GURDEEP S. BILLAN, | (Doc. No. 2) |
| Defendants. | |

On January 17, 2018, plaintiff filed a complaint and motion for temporary restraining order ("TRO") under the Perishable Agricultural Commodities Act ("PACA"), seeking temporary preliminary relief to prevent defendants from dissipating assets held in a statutory trust for it. (Doc. Nos. 1, 2.) An opposition was filed on January 18, 2018. (Doc. No. 13.) The court held a hearing on the matter on January 19, 2018, at which attorney Jason Read appeared on behalf of plaintiff and attorney Sherrie Flynn appeared on behalf of defendants. As discussed at that hearing, the court will grant the motion for temporary restraining order for the reasons given below.

**BACKGROUND**

Between September 24, 2017 and October 4, 2017, plaintiff sold Mexican watermelons to defendants totaling an invoiced amount of $414,141.00. (Doc. No. 2-3 at ¶ 11 (Decl. of Bob

1

Valenzuela, Director of Operations for plaintiff) ("Valenzuela Dec.").) In opposition to the pending motion, defendants have provided some evidence that they rejected certain of the shipments for which they were invoiced, and therefore dispute their obligations to pay those amounts. (*See* Doc. No. 13-1 at ¶¶ 5–6 (Decl. of Gurdeep Billan, President of Quality Fresh Farms, Inc.).) The amount in dispute is not agreed upon by the parties: defendants supplied evidence indicating that, at most, $89,310.00 worth of the invoices is disputed. (*Id.* at 5–38.) Plaintiff noted at oral argument on the pending motion that this figure includes freight charges for which it contends it is not liable as well as invoice which is not claimed to be due and owing. Plaintiff therefore calculated the invoices in dispute as totaling $62,937. Defendants, meanwhile, related at the hearing that there were additional invoices that they were unable to provide to the court in the time provided and contended that approximately $100,000 of the total invoices are in fact disputed.

Plaintiff was in frequent communication with defendant Gurdeep Billan (hereafter "Billan") and non-party Glenn Cadrez, the COO of defendant Quality Fresh Farms, over the months following shipment concerning payment. (Valenzuela Dec. at ¶ 19.) Valenzuela states that he began making regular, sometimes daily, calls and e-mails to defendant Billan and Mr. Cadrez, sometimes four times a week. (*Id.*) When he received responses, both individuals advised him that defendant Quality Fresh did not have the financial ability to pay fully and could only make partial payment. (*Id.*) However, despite specific promises to make partial payments, no payments were received from defendants. (*Id.*) Following repeated requests for payment, Billan and Mr. Cadrez traveled to Tucson to meet with Valenzuela, and advised Valenzuela that they were seeking financing and would pay plaintiff in full as soon as it was approved. (*Id.* at ¶¶ 20–21.) Specifically, they informed Valenzuela that plaintiff would be paid in full before December 28, 2017. (*Id.* at ¶ 21.) However, no payments were made by that time. (*Id.* at ¶ 23.)

Valenzuela subsequently spoke with Cadrez on December 28, 2017, who advised the anticipated financing did not come through and specifically told Valenzuela, "we do not have the money and we cannot pay you." (*Id.* at ¶ 24.) Valenzuela and Cadrez spoke on January 8, 2018, at which time Cadrez advised he would submit a payment on January 12, 2018 along with a

2

proposed payment plan. (*Id.* at ¶ 25.) However, plaintiff neither received a payment nor a proposed payment plan by January 12, 2018, resulting in the instant suit. (*Id.* at ¶ 26.)

**LEGAL STANDARD**

*1. PACA*

"Congress enacted PACA in 1930 to promote fair trading practices in the produce industry." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 135 (3d Cir. 2000). In particular, "perishable agricultural commodities, inventories of food or other derivative products, and any receivables or proceeds from the sale of such commodities or products, are to be held in a non-segregated floating trust for the benefit of unpaid sellers." *Id.* at 136; *see also* 7 U.S.C. § 499e(c)(2). If a seller of produce is not paid, it must either given written notice of its intent to preserve its rights to the benefits of the trust with the U.S. Department of Agriculture and the produce buyer within 30 days, *see* 7 U.S.C. § 499e(c)(3); *Tanimura & Antle, Inc.*, 222 F.3d at 136, or include a statutorily specified notice on its invoices, *see* 7 U.S.C. § 499e(c)(4); *Tanimura & Antle, Inc.*, 222 F.3d at 136. Any failure to "make full payment promptly" in respect to a transaction is unlawful. 7 U.S.C. § 499b(4). Any violation of § 499b subjects the buyer to liability for any damages caused by the violation. 7 U.S.C. § 499e(a). Moreover, federal regulations state that all dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R. § 46.46(d)(1). District courts are specifically given jurisdiction to hear "actions by trust beneficiaries to enforce payment from the trust" and "actions by the Secretary to prevent and restrain dissipation of the trust." 7 U.S.C. § 499e(c)(5). The trust formed by PACA from the dealer's assets is "a single, undifferentiated trust for the benefit of all sellers and suppliers." *In re Kornblum & Co., Inc.*, 81 F.3d 280, 286 (2d Cir. 1996).

*2. TRO Standard*

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Intern. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).[1] The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

## ANALYSIS

District courts in the Ninth Circuit have regularly found TROs warranted in the PACA context, and routinely conclude that the prospect of statutory trust assets being depleted constitutes irreparable injury. *See, e.g.*, *Chula Brand CA, Corp. v. Martinez*, 17cv37-JLS (KSC), 2017 WL 107672, at *3–4 (S.D. Cal. Jan. 11, 2017); *Newland N. Am. Foods, Inc. v. H.P. Skolnick, Inc.*, No. 5:13-cv-00934 EJD, 2013 WL 792672, at *3 (N.D. Cal. Mar. 4, 2013); *Herb Fresh, LLC v. GR Prods., LLC*, No. 5:12-cv-03669 EJD, 2012 WL 2906592, at *2–3 (N.D. Cal. July 16, 2012); *Pittman v. Stow Food – Navajo, Inc.*, No. 12cv1670-IEG (WMC), 2012 WL 12885231, at *1–2 (S.D. Cal. July 6, 2012); *T.Q.M. Food Serv., Inc. v. Santanas Grill, Inc.*, No. 12cv1254-IEG (MDD), 2012 WL 12872452, at *1–2 (S.D. Cal. June 6, 2012); *Batth v. Market*

---

[1] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element *Winter* test." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

4

*52, Inc.*, No. 1:11-CV-1806 AWI SKO, 2011 WL 5240439, at *2 (E.D. Cal. Nov. 1, 2011); *F.T. Produce, Inc. v. AGWA, Inc.*, No. 11-CV-102 JLS (WVG), 2011 WL 677259, at *3 (S.D. Cal. Jan. 21, 2011); *Rey Rey Produce SFO, Inc. v. Mis Amigos Meat Market, Inc.*, No. C 08-1518 VRW, 2008 WL 1885738, at *1–2 (N.D. Cal. 2008) (granting preliminary injunction, and noting TRO was previously granted).[2]

Plaintiff here can show it is likely to succeed on the merits of its claim. Plaintiff persuasively asserts that defendants are "dealers" within the meaning of the PACA. (*See* Doc. No. 2-4 at 14–15; Doc. No. 2-2 at ¶ 4 (Decl. of R. Jason Read).) It further argues that the produce at issue was sold in interstate commerce, as required by 7 U.S.C. § 499a(b)(8). (Doc. No. 2-4 at 15–16; Decl. of Valenzuela at ¶ 15.) The invoices sent to defendants contain the statutorily required language to ensure plaintiff preserved its right to the benefits of the statutory trust under 7 U.S.C. § 499e(c)(4). (Doc. No. 2-4 at 16; Valenzuela Dec. at ¶ 29; Doc. No. 2-3 at 15–118.) Plaintiff has produced evidence that the invoices it seeks payment for have not been paid. (Valenzuela Decl. at ¶¶ 17–26.) It also produces invoices totaling $414,141.00, reflecting watermelon shipments sold to defendant Quality Fresh Farms. (Doc. No. 2-3 at 15–118.) Given this, particularly combined with the fact that defendants conceded at the hearing that at least $314,141.00 is due and owing on these invoices, it is likely plaintiff can succeed on the merits of its claim.

Plaintiff can also show a likelihood of irreparable injury here, in the form of dissipation of the trust assets. Valenzuela declares that, in his conversations with defendants and other employees of defendant Quality Fresh Farms, it became clear that defendants sold the produce shipped to them to such customers as Costco and Wal-Mart. (Valenzuela Dec. at ¶ 28.) Any

---

[2] Some courts have declined to grant PACA TROs on an ex parte basis without a strong showing of the defendant's general financial instability and evidence that defendant is dissipating the funds that are supposed to be held in trust for the plaintiff. *See Fortune Farm, Inc. v. S. Cal. Produce, Inc.*, No. CV16-3027 PSG (JEMx), 2016 WL 9185317, at *2 (C.D. Cal. May 6, 2016); *W. Onion Sales, Inc. v. Gonzalez Transp. & Foods, Inc.*, No. SACV 13-0156 DOC (MLGx), 2013 WL 12122416, at *2–3 (C.D. Cal. Jan. 31, 2013). While the instant motion was initially sought ex parte, defendants here received notice, filed an opposition, and appeared at the hearing on the motion for a temporary restraining order.

5

proceeds from those sales would be trust assets. *See* 7 U.S.C. § 499e(c)(2). However, the fact that defendants lacked any funds to make even partial payments to plaintiff suggested to Valenzuela that the trust assets have been or are being dissipated. (*Id.* at ¶ 27.) As identified above, courts routinely accept the dissipation of assets from the statutory trust as indicative of irreparable injury.

The balance of equities thus tips clearly in favor of plaintiff here. Plaintiff is statutorily entitled to a trust in the proceeds of any sales from the products it shipped until the outstanding invoices are paid in full. 7 U.S.C. § 499e(c)(2). Defendants have not sought to demonstrate any hardship they will suffer by being forced to not dissipate trust assets, and readily concede that at least $314,141.00 is due and owing to plaintiff.

Lastly, an injunction here would be in the public interest. Congress specifically passed this statute because it had found there was "a burden on commerce in perishable agricultural commodities." 7 U.S.C. § 499e(c)(1); *Tanimura & Antle, Inc.*, 222 F.3d at 135 ("In particular, Congress intended to protect small farmers and growers who were especially vulnerable to the practices of financially irresponsible commission merchants, dealers, and brokers."). Given plaintiff's high likelihood of success on the merits and the Congressional directive in passing PACA, the public interest will be served by granting the TRO here.

Rule 65 states a court may only issue a TRO "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Because defendants concede the vast majority of the invoices are due and owing and have made no showing of any hardship, the court concludes no bond or security is required of plaintiff here. *See, e.g.*, *Chula Brand CA, Corp.*, 2017 WL 107672, at *5; *Newland N. Am. Foods, Inc.*, , 2013 WL 792672, at *4.

**CONCLUSION**

For all of the reasons set forth above:

1. Plaintiff's motion for a temporary restraining order (Doc. No. 2) is granted;
2. Defendants are directed to deliver to plaintiff's counsel, on or before **January 23, 2018**, true and correct copies of defendant's financial and/or business records identifying and

6

describing all PACA trust assets currently within the possession, custody, and control of defendants and which disclose the location of all such PACA trust assets. For purposes of compliance with this provision, PACA trust assets are defined to include those assets which are identified as being part of the PACA trust pursuant to 7 C.F.R. § 46.46(b), which states:

> The trust is made up of perishable agricultural commodities received in all transactions, all inventories of food or other products derived from such perishable agricultural commodities, and all receivables or proceeds from the sale of such commodities and food or products derived therefrom. Trust assets are to be preserved as a nonsegregated "floating" trust. Commingling of trust assets is contemplated.

3. The court sets the following schedule with respect to plaintiff's motion for preliminary injunction:
    a. Plaintiff shall file its motion for preliminary injunction by **January 25, 2018**;
    b. Defendant shall file its opposition to the motion by **February 1, 2018**;
    c. Plaintiff shall file any reply to the opposition by **February 5, 2018**;
    d. The motion for preliminary injunction shall be heard by the court on **February 6, 2018 at 11:00 a.m.** in Courtroom 5, Seventh Floor of the United States District Court for the Eastern District of California, 2500 Tulare Street, Fresno, California;
4. The court orders that defendant Quality Fresh Farms, Inc., defendants Ranjodh and Gurdeep Billan, and any officers, directors, shareholders, employees, agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are restrained and prevented from transferring, withdrawing or in any other manner removing trust assets held pursuant to 7 U.S.C. § 499e *et seq.*, including funds on deposit in banking accounts held by or on behalf of defendants, in the amount of $335,000.00;
5. The court orders that, pending the hearing and determination of the motion for preliminary injunction, defendants and all owners, officers, directors, shareholders, employees, agents, bankers, subsidiaries, successors, assignees, principals, assignors, attorneys, and persons acting in concert with them, shall be restrained and prevented from engaging in,

committing, or performing directly and indirectly, any and all of the following acts:

    a. Removing, withdrawing, transferring, assigning, or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books, or funds;

    b. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates plaintiff's beneficiary interests in the trust assets;

    c. Taking any other action whatsoever which violates 7 U.S.C. § 499e(c)(1) through (4), inclusive, and 7 U.S.C. § 499b(4).

6. No bond shall be required to be posted by plaintiff pursuant to Rule 65(c) of the Federal Rules of Civil Procedure;

7. Defendant is further notified of its right to apply to the court for modification or dissolution of this TRO, if appropriate and supported by a showing of good cause, on two (2) days' notice or such shorter notice as the court may allow. *See* Fed. R. Civ. P. 65(b)(4) and Local Rule 231(c)(8).

IT IS SO ORDERED.

Dated: **January 19, 2018**

                                      UNITED STATES DISTRICT JUDGE